**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30236 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00320-MO-1 |
| v. | |
| MICHAEL DEANGELO COLLINS, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Argued and Submitted May 4, 2016
Portland, Oregon

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Michael Collins challenges the district court's order denying his motion to

suppress evidence of a loaded 9 mm pistol magazine found on his person upon his

arrest on the ground that it was obtained in violation of the Fourth Amendment.

After an evidentiary hearing, the district court denied the motion, holding that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

police officers' warrantless entry into Collins' apartment was justified by the combination of hot pursuit and exigent circumstances. Collins subsequently entered a guilty plea to being a previously convicted felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), conditioned on his right to appeal the motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

When an officer is in hot pursuit of a suspect and "the underlying offense is only a misdemeanor, law enforcement must yield to the Fourth Amendment in all but the 'rarest' of cases." *United States v. Johnson*, 256 F.3d 895, 908 n.6 (9th Cir. 2001). We need not determine if this situation presented the "rarest" case because the district court correctly held that exigent circumstances justified the warrantless entry into the apartment to effect his arrest.

Evidence obtained during a warrantless entry by law enforcement in an emergency situation is admissible if "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008). This exception "does not depend on the officers' subjective intent or the seriousness of any crime they

2

are investigating when the emergency arises." *Michigan v. Fisher*, 558 U.S. 45, 47 (2009). The evidence is admissible even if officers did not have probable cause to believe that evidence of such a crime would be found. *Snipe*, 515 F.3d at 952.

Because the officers had an objectively reasonable basis for concluding there was an immediate need to prevent harm to the residents of the apartment, their warrantless entry into Collins' apartment was permissible. Officers were in pursuit of Collins when he ran into an apartment. From within the apartment the officers immediately heard screaming, yelling, and cries of "get out."[1] Officers then entered the apartment, arrested Collins, and found the loaded magazine on his person when he was searched incident to the arrest. It was objectively reasonable under the totality of the circumstances for officers to believe they had chased Collins into the home of another and screams from the residents warranted immediate entry into the apartment to prevent serious, imminent injury to the occupants. *See id.*; *see also Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) ("[L]aw enforcement officers may enter a home without a warrant . . . to protect an occupant from imminent injury.").

---

[1]That the officers could only discern the words "get out" rather than a more immediate cry for help is not dispositive. *Snipe*, 515 F.3d at 954 ("We will not impose a duty of inquiry on the police to separate a true cry for help from a less deserving call for attention . . . .").

The same emergency situation justified the officers' manner of entry. "[I]f circumstances support a reasonable suspicion of exigency when the officers arrive at the door, they may go straight in." *United States v. Banks*, 540 U.S. 31, 37 (2003); *see also United States v. Combs*, 394 F.3d 739, 744 (9th Cir. 2005) (noting that in some instances officers may dispense with the knock-and-announce requirement entirely). Here, officers reasonably believed that Collins had sought refuge by running into a stranger's apartment and immediate entry into that apartment was necessary to protect the residents within. As a result, the scope and manner of their entry was reasonable to meet the needs of the emergency situation Collins created. *See Snipe*, 515 F.3d at 952.

Therefore, the district court did not err in denying Collins' motion to suppress evidence of the loaded magazine.

**AFFIRMED.**